UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00972-JAR |
| ) | |
| VALVOLINE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on several motions: (1) the motion to strike Plaintiff's punitive damages pleading filed by Defendants Valvoline Instant Oil Change Franchising, Inc., Valvoline, Inc., and Valvoline, LLC (collectively, "Valvoline") (ECF No. 7); (2) Valvoline's motion to strike plaintiff's impertinent and immaterial pleadings (ECF No. 8); (3) the motion to strike Plaintiff's punitive damage pleadings and plaintiffs impertinent and immaterial pleadings filed by Defendant Jiffy Lube International, Inc., and Team Car Care East, LLC's (collectively, "Jiffy Lube") (ECF No. 16); (4) Valvoline's motion for oral argument (ECF No. 27); and (5) Jiffy Lube's second motion to strike Plaintiff's punitive damage pleading and Plaintiff's impertinent and immaterial pleadings (ECF No. 32). Plaintiff Cathy Johnson filed a combined response to Valvoline's two motions to strike (ECF No. 23), but she has not responded to any other motions and the time to do so has passed. Valvoline filed a reply in support of its motions to strike. ECF No. 26.[1] Jiffy Lube has not filed a reply brief regarding its motion to strike, and the time to do so

---

[1]   Valvoline labeled its reply brief as its "Memorandum in Support of Their Motions to Strike and Reply to Plaintiff's Memorandum in Opposition." Given the date of filing and its submission after Plaintiff had filed her response, the Court interprets Valvoline's filing as a reply only. The Court need not consider arguments raised for the first time in Valvoline's reply.

has passed. These matters are now fully briefed and ripe for disposition. For the reasons explained below, all of the motions will be denied.

**Background**

Plaintiff first filed this case in the Circuit Court of St. Louis County, Missouri, on May 31, 2024. ECF No. 5. Plaintiff's claims arise from a June 15, 2019, motor vehicle accident in which the front driver's side wheel of her vehicle fell off while she was driving it after employees at Valvoline and Jiffy Lube locations had worked on or otherwise inspected her vehicle. Plaintiff's initial Petition raised various claims of violations of the Missouri Merchandising Practice's Act ("MMPA") and negligence against Defendants Valvoline, Jiffy Lube, Ashland, LLC, and Ashland Oil, Inc.

On July 15, 2024, Jiffy Lube removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1.

On July 16, 2024, Valvoline filed its motions to strike. ECF Nos. 7 and 8. On July 22, 2024, Jiffy Lube filed its first motion to strike, in which it states that it incorporates by reference the arguments raised in Valvoline's motions to strike. ECF No. 16.

Also on July 22, 2024, Plaintiff filed a consent motion to amend her complaint to drop all allegations against Ashland, LLC, and Ashland Oil, Inc. ECF No. 12. In Plaintiff's motion, she states that her counsel and counsel for Valvoline "agreed that all currently pending Motions filed by [Valvoline] are equally applicable to the proposed First Amended Complaint and, therefore, may move forward as currently filed." *Id.* at ¶ 8. The Court granted Plaintiff's motion (ECF No. 13), and on July 23, 2024, Plaintiff filed her Amended Complaint, which is now the operative complaint (ECF No. 19). Plaintiff's allegations against Valvoline and Jiffy Lube remain unchanged between her initial Petition and her Amended Complaint.

On July 29, 2024, Plaintiff filed her response. ECF No. 23. On August 2, 2024, Valvoline filed its reply. ECF No. 26. That same day, Valvoline also filed its motion for oral argument. ECF No. 27. On August 20, 2024, Jiffy Lube filed its second motion to strike, which again appears to incorporate the arguments raised in Valvoline's motion to strike, though this time Jiffy Lube asks that strike other allegations that it did not attack in its initial motion.

In its first motion to strike, Valvoline (and Jiffy Lube via its incorporation of Valvoline's arguments) argues that certain of Plaintiff's allegations in her initial Petition should be stricken because Plaintiff requests punitive damages. According to Valvoline, the allegations related to punitive damages in the initial Petition violate of Mo. Rev. Stat. § 510.261.5. ECF No. 7. In its second motion to strike, Valvoline argues that several of Plaintiff's allegations in her initial Petition relating to Valvoline's denial of her allegations and failure to properly evaluate her claims should be stricken under Missouri law because such allegations are immaterial and/or impertinent to Plaintiff's claims. Valvoline separately argues that these allegations may also be stricken because they "border on an improper attempt to place inadmissible settlement discussion into the public record." ECF No. 8 at ¶ 15. According to Valvoline, because the parties may use Plaintiff's Petition as an exhibit during this litigation or that it may be admitted as an exhibit at trial, these statements should be stricken from the record.

In her response, Plaintiff argues that her allegations related to punitive damages are governed by Federal Rule of Civil Procedure 8 and not Missouri's statute. According to Plaintiff, the issue of whether allegations of punitive damages are properly included in a complaint in federal court is an issue of federal civil procedure. Plaintiff cites to several cases out of this Court that have consistently ruled that Fed. R. Civ. P. 8 permits these allegations, despite the Missouri statute prohibiting such allegations in this initial petition. She further

3

contends that Valvoline and Jiffy Lube, through their statements in the motions, acknowledge that this is an issue of procedure.

Plaintiff also argues that her allegations related to Valvoline's and Jiffy Lube's denial of wrongdoing are relevant to her claims regarding Defendants' deceptive advertising and as to punitive damages. Essentially, Plaintiff contends that Valvoline and Jiffy Lube's representations in advertising materials regarding superior service and ensuring their customer's safety do not square with her experiences with the companies' services. She further argues that her allegations regarding Defendants' denial of responsibility goes to their mental state and thus their culpability and Plaintiff's right to punitive damages.

In its reply, Valvoline—for the first time—argues that the Court's previous rulings on this issue are wrongly decided because the application of Mo. Rev. Stat. § 510.261.5 affects Defendants' substantive rights. Valvoline admits that "when answering the question of whether to apply § 510.261.5 in federal diversity cases, Missouri Federal District Courts have always found it inapplicable." ECF No. 26 at 3. Valvoline argues that, despite this consensus, this Court should rule differently because these previous decisions have simply failed to analyze the substantive nature of the Missouri statute. At its heart, Valvoline's argument is that the Missouri federal courts that have addressed this issue have improperly applied *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), and instead this Court should apply the *Erie*[2] doctrine and rule that Missouri law controls. Valvoline also reiterates its arguments as to why certain allegations should be stricken from Plaintiff's complaint as immaterial and/or impertinent. Valvoline seeks oral argument on these issues. ECF No. 27.

---

[2]   *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

4

**Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While district courts have broad discretion in deciding on motions to strike, striking a pleading is a drastic remedy that is not favored and infrequently granted. *Hogan v. Wal-Mart Stores E., LP*, No. 4:21-CV-78 RLW, 2021 WL 3363149, at *3 (E.D. Mo. Aug. 3, 2021) (citations omitted).

**Discussion**

As an initial matter, despite what the parties may have agreed to, Defendants' motions to strike appear to be moot, except arguably Jiffy Lube's second motion to strike, which was the only one filed after Plaintiff filed her Amended Complaint. Valvoline and Jiffy Lube's motions to strike are directed at Plaintiff's initial Petition, which has been replaced by Plaintiff's Amended Complaint. *See Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020) ("Generally, an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect.") (internal quotation marks and citation omitted). However, given the likelihood that the Court's denial of Defendants' motions to strike would result in Defendants' simply refiling their current motions, the Court will address the issues raised in the current motions to strike.

The Court finds it unnecessary to fully engage with the arguments that Valvoline—and by adoption, Jiffy Lube—raised first in its reply brief. "As a general rule, courts will not consider arguments raised for the first time in a reply." *Green v. Missouri*, 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010) (citing *Barnham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006). Valvoline's initial motion makes no arguments regarding whether this Court should conduct an

5

*Erie* analysis or an analysis under *Shady Grove* related to the issue of whether Missouri's statute or the federal pleading rules under Federal Rule of Civil Procedure 8 control the propriety of Plaintiff's punitive damages allegations. Valvoline's labeling of its reply as a "Memorandum of Law in Support" does not change the reality that these arguments were only raised after Plaintiff presented arguments countering Defendants' initial motions to strike. Even so, the Court will consider Valvoline's arguments.

As Valvoline concedes, every time this Court and the Federal District Court for the Western District of Missouri have addressed the issue of whether Mo. Rev. Stat. § 510.261.5 or Federal Rule of Civil Procedure 8 controls whether allegations of punitive damages are properly pleaded in a plaintiff's complaint, the courts have determined that Rule 8 controls. *See, e.g., Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-cv-211-ACL, 2021 WL 307550 (E.D. Mo. Jan. 29, 2021). This Court has based those decisions on an application of *Shady Grove*.

Under *Shady Grove*, "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove*, 559 U.S. at 398–99). The Supreme Court provides that courts need not "wade into *Erie*'s murky waters" when the Federal Rule satisfies these two elements. *Shady Grove*, 559 U.S. at 398.

Federal Rule of Civil Procedure 8, which governs the requirements of pleadings in federal courts, provides that a complaint "must contain" both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) and (3). As this Court has consistently held, Mo. Rev. Stat. § 510.261.5 and Rule 8 answer the same question, namely: may punitive damages claims be included in an initial

6

complaint? Section 510.261.5 answers "no—never," while Rule 8 answers "yes—always." *See Shady Grove*, 559 U.S. at 401 n.4 (stating that a conflict exists between state a local law and the Federal Rules when both sources of law address "the procedural right to maintain" an action in federal court). This Court has similarly held that Rule 8 is valid under the Rules Enabling Act because it "governs the pleading standard and content of a complaint." *Kilburn*, 2021 WL 307550, at *2. The Court finds no reason to disrupt this sound analysis.

Valvoline's citation to cases from the District of Minnesota do not require a different result. Minnesota, like Missouri, has adopted a law that prohibits an initial complaint from seeking punitive damages and requires plaintiffs seeking punitive damages to make a motion to amend the pleadings to add punitive damages claims. *Compare* Minn. Stat. Ann. § 549.191 (West 1986) *with* Mo. Rev. Stat. § 510.261.5 (2020). However, the cases to which Valvoline cites do not address the issue of whether Rule 8 or Minn. Stat. Ann. § 549.191 controls, but instead address whether motions to amend complaints to add punitive damages should be decided under the standards set forth under Federal Rule of Civil Procedure 15 or Minn. Stat. Ann. § 549.191. *See, e.g., Fournier v. Marigold Foods, Inc.*, 678 F. Supp. 1420 (D. Minn. 1988) (decided before *Shady Grove*); *see also Rilley v. MoneyMutual, LLC*, No. 16-cv-4001, 2018 WL 6920764 (D. Minn. Dec. 13, 2018) (decided after *Shady Grove* and declining to adopt the *Shady Grove* test in favor of an *Erie* analysis). Valvoline fails to explain why the District of Minnesota's decision in those cases, which do not address Rule 8, should be adopted here where the Rule 15 standard for the amendment of pleadings is not in issue. The Court finds that its previous holdings that Rule 8 controls the procedural issues of punitive damages pleading in federal court are soundly reasoned, and it will deny Defendants' motions to strike the punitive damages allegations from Plaintiff's Amended Complaint.

The Court also finds that none of Plaintiff's other allegations should be stricken as immaterial or impertinent. As Plaintiff has explained, Plaintiff's allegations regarding the reactions of Valvoline and Jiffy Lube to her informing them of her accident and their subsequent denial of any wrongdoing may indeed go to Defendants' culpability for punitive damages. Similarly, these allegations support the claims Plaintiff raises under the MMPA. Defendant's conclusory statements that these allegations are immaterial and/or impertinent fail to provide a sufficient basis to strike any portions of Plaintiff's Amended Complaint. Defendants' motions to strike these allegations will be denied.

The Court need not hear oral argument on Defendants' motions. The law on these issues has been established for years, and Defendants' have come forth with no valid basis to rule differently. Additionally, because the bulk of Defendants' arguments were presented in Valvoline's reply, the Court is not required to even consider the issues at all. Valvoline's motion for oral argument will be denied.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' motions to strike Plaintiff's punitive damages pleading and impertinent and immaterial pleadings (ECF Nos. 7, 8, 16 and 32) and Valvoline's motion for oral argument (ECF No. 27) are **DENIED**.

Dated this 4th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE